```
             UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF LOUISIANA

SUPERIOR DIVING CO., INC.                    CIVIL ACTION

VERSUS                                       NO. 05-197

JAY WATTS                                    SECTION N(2)
```

## ANSWER OF JAY WATTS TO
## PETITION OF INTERVENTION, WITH COUNTERCLAIM

### (Jury Trial Requested)

COMES NOW JAY WATTS, through undersigned counsel, and answers the Petition of Intervention filed by Seth Cortigene, Newton Schwartz, and Eberhard Garrison, and also asserts a counterclaim against two of said Intervenors, as follows:

### ANSWER

In response to the Petition of Intervention, Jay Watts as Defendant in Intervention states:

### First Defense

The Petition fails to state a claim upon which relief can be granted, and should therefore be dismissed.

### Second Defense

In response to the individual allegations of the Petition:

1. Paragraph 1 is denied, except to admit Defendant's identity and address.

2. Paragraph 2 is admitted.

3. Paragraph 3 is admitted.

4.   Paragraph 4 is admitted, except to deny that the legal representation furnished by Intervenors was proper, adequate, or competent.

5.   Paragraph 5 is denied, except to admit that the legal services of Intervenors were terminated by Defendant for good cause.

6.   Paragraph 6 is denied.

7.   All allegations of the Petition not specifically admitted above, including the introduction and prayer thereof, are denied.

### Third Defense

Defendant in Intervention would affirmative show that the fees and expenses claimed by Intervenors are in violation of the applicable standards of professional conduct, and their claim for same should therefore be denied.

### COUNTERCLAIM

NOW ASSUMING THE POSITION OF COUNTER-PLAINTIFF, Jay Watts asserts the following Counterclaim against the Intervenors Cortigene and Schwartz (hereinafter referred to individually or as Counter-Defendants), and in support thereof respectfully states:

1.   The allegations of the Petition of Intervention admitted in the foregoing Answer are asserted in support of this Counterclaim.

2.   During their representation of Counter-Plaintiff, Counter-Defendants were his fiduciaries, owing him the highest duty to serve and protect his interests as if they were their own.

3.   Intervenors Cortigene and Schwartz repeatedly failed to properly, fully, adequately, and competently represent Counter-Plaintiff in this matter with respect to his claims against Superior

Diving Co. Such failure included (by example only), but was not limited to (a) failure to demand trial by jury, (b) failure to respond to a motion for summary judgment on the issue of maintenance and cure, (c) failure to reasonably investigate the liability aspects of the case, (d) accepting the self-serving logs and statements of Superior Diving and its employees at face value and failing to depose or cross-examine them, (e) failing to fully and reasonably brief the issues related to Superior Diving's motion for summary judgment on Jones Act negligence, (f) immediately after the alleged "settlement", filing a motion to it aside based on false and fraudulent issues.

4.  On or about September 23, 2007, Intervenors Cortigene and Schwartz settled Counter-Plaintiff's claims against Superior Diving Co. without his full and informed knowledge and consent.

5.  In the event such "settlement" is not set aside by this Court and the adverse effects of their prior inadequate representation of Counter-Plaintiff are not eliminated, Counter-Defendants are liable to Counter-Plaintiff for the full value of his claims against Superior Diving Co. without regard to such settlement or their prior inadequate representation.

6.  Prior to the aforementioned "settlement", Cortigene and Schwartz were guilty of misrepresenting to Counter-Plaintiff the correct details of this litigation, their breaches of the standards of professional conduct, and their failure to properly represent him, so that communications between them and the pertinent facts were unknown, confused and/or misunderstood with respect to the litigation itself and its alleged "settlement".

7. At the time Counter-Plaintiff retained Cortigene and Schwartz to represent him in this matter, and at various times thereafter, said Intervenors breached the standards of professional conduct imposed by the Louisiana State Bar Association applicable to said representation, especially with regard to conflicts of interest and the financial assistance rendered by Schwartz to Counter-Plaintiff, and such breaches of the standards of conduct constituted deceit, undue pressure on Counter-Plaintiff, and affected the Counter-Plaintiff's knowledge, appreciation, consent, and understanding of, and the validity of, the aforementioned "settlement."

8. The acts and omissions of Counter-Defendants referred to herein constituted negligence, breach of contract, breach of fiduciary duty, and any other legal fault which may appear in discovery or at trial.

WHEREFORE, premises considered, Jay Watts respectfully prays:

1. As Defendant in Intervention, that this Answer to the Petition of Intervention be found sufficient, and that after a trial thereof, and that said Petition be dismissed at the cost of Intervenors.

2. As Counter-Plaintiff, that there be judgment against Intervenors Cortigene and Schwartz as Counter-Defendants in the amount of $1,000,000.00 in actual damages, plus $1,000,000.00 in punitive damages.

3. As Defendant in Intervention as well as Counter-Plaintiff, for such further relief as may be proper at law or in equity, for all costs and disbursements of these proceedings, for such attorneys fees,

legal expenses, penalties, such other sums which may be authorized by law, and for interest on all amounts adjudged against Intervenors as provided by law.

4.   For trial by jury on all issues related to the Petition of Intervention and the Counter-Claim asserted herein.

                                                 Respectfully submitted,

                                                 /s/ Robert O. Homes Jr.
                                                 _____
                                                 Robert O. Homes Jr.
                                                 P. O. Box 500
                                                 Suite E, 368 Courthouse Rd.
                                                 Gulfport, Ms 39502
                                                 (228) 863-8888
                                                 Ms Bar 2597, La 6979
                                                 Attorney for Plaintiff

## CERTIFICATE OF SERVICE

    I certify that I this day electronically filed the foregoing document with the Court's ECF PACER system, which delivers a copy of same by email to all interested parties or their counsel.

    This 12th day of October, 2007.

                                                 /s/ Robert O. Homes Jr.
                                                 _____
                                                 Robert O. Homes Jr.

                                                               Watts,a01-to intervention.doc