UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SUPERIOR DIVING CO., INC.                    CIVIL ACTION

VERSUS                                       NO.  05-197

JAY WATTS                                    SECTION  "N"  (2)

### O R D E R

Before the Court are the following three motions: (1) Watts' Motion in Limine Re Value Evidence (Rec. Doc. 210); (2) Watts' Motion to Compel Production of Statements of Neil Wythe from Superior Diving (Rec. Doc. 211); and (3) Superior's Motion to Quash Interrogatories and Requests for Production and for Motion for Protective Order (Rec. Doc. 213).

**A.     Background**

In this case, a commercial diver, Jay Watts, claims that he sustained decompression illness while on a dive for Superior on or about November 12, 2004. The parties allegedly reached a settlement on January 23, 2007. Nearly two months after the settlement was allegedly reached, Watts filed a motion to set aside the settlement, claiming "new evidence" had arisen. Superior filed a Motion to Enforce the Settlement. On August 24, 2007, this Court denied Watts' motion to reopen the case and granted Superior's Motion to Enforce the Settlement. Watts then discharged his counsel, Seth Cortigene, and hired a new attorney,

Robert Homes.  Shortly thereafter, Homes (on behalf of Watts) filed a Motion for New Trial, asserting that Watts never authorized his previous attorneys to confect any settlement.  The Court will hold an evidentiary hearing on January 23, 2008 to determine the validity of the alleged settlement agreement.

**B.    Analysis**

The following three motions are before the Court:

**1.    Watts' Motion in Limine Re Value Evidence (Rec. Doc. 210)**

Watts requests an order directing that hearsay evidence, in the form of investigative findings and/or affidavits, will be admissible in evidence on the issue of the "value" of Watts's claim at the January 23, 2008 hearing. Watts claims that allowing such evidence is necessary for purposes of "judicial economy" and to prevent the upcoming hearing from becoming unnecessarily expanded into a full-scale trial on the underlying matter.  Watts claims his view of value is hampered by the failure of his former attorneys to investigate and/or discover the facts of the diving incident involved, and interview other crew members.  Watts claims his view of value is relevant regarding whether he fully appreciated the settlement and his rights.

Homes, Watts' attorney, asserts that he intends to draft an affidavit wherein he will give his view of the value of this case, and he proposes to offer that document at the hearing. Homes inquires as to whether his affidavit will be allowed or whether he will have to discover and/or subpoena fact witnesses and further documentation for use at the hearing to support his view of his investigative findings.

Superior makes five main points in opposition to Watts' motion.  First, Superior contends that value evidence regarding whether the settlement amount was reasonable is

irrelevant because Watts now claims he did not authorize settlement at any amount. Second, Superior notes that Watts seeks an advance ruling on the admissibility of evidence that has not yet been developed or presented to Superior or to the Court. Superior also claims that the opinion of Homes (as Watts' attorney) regarding his interpretation of the value of the case is not admissible evidence. Third, Superior notes that Watts has not advanced any exception to the hearsay rules as a foundation for admitting hearsay evidence. Fourth, Superior notes that all evidentiary witnesses were identified, at the Court's request, during the December 7, 2007 status conference requested by Watts' counsel. Superior opposes Homes' untimely request to add himself and an unidentified investigator to the list of witnesses, claiming that neither can offer relevant testimony to the issue of whether Watts authorized Cortigene to settle the case. Last, Superior argues it should not be required to waive in advance any objections it may validly assert regarding evidence that has yet to even be disclosed or introduced.

In reply, Watts argues that value evidence is relevant because whether Watts authorized settlement is only one issue to be decided at the upcoming hearing. The other relevant issues are (1) whether the settlement was fairly made; (2) whether Watts understood the settlement; (3) whether Watts understood his rights; (4) whether Watts's understanding or lack thereof is demonstrated by a disparity between the value of the case and the amount of the settlement; (5) whether Watts' understanding was affected by inadequate medical advice; (6) whether Watt's understanding was affected by inadequate legal advice. Watts also claims that the upcoming evidentiary hearing does not require a strict application of the hearsay rule and asks the Court to relax the application of the Federal Rules of Evidence by allowing hearsay evidence. Further, Watts attaches Homes' affidavit to his reply and claims that it should be allowed as

evidence and he can be cross-examined about it at the hearing.

In response to Watts' reply, Superior claims that Homes' affidavit is self-serving and must be discounted because of Homes' direct financial interest in the outcome of the case.

The threshold issue to be decided at the January 23, 2008 hearing is: whether Watts authorized Cortigene to settle his case. The Court will proceed with the hearing on January 23, 2008 as follows: First, the Court will hear testimony and receive evidence relating to this threshold issue. If the Court determines that Watts did not authorize Cortigene to settle, the case will be reopened and will pick up from the point in time wherein the alleged settlement purportedly took place. If the Court determines that Watts did authorize Cortigene to settle, then it will hear testimony and receive evidence relating to the following issues, which affect the validity of the settlement agreement: (1) whether the settlement was fairly made; (2) whether Watts understood the settlement; (3) whether Watts understood his rights; (4) whether Watts's understanding or lack thereof is demonstrated by a disparity between the value of the case and the amount of the settlement; (5) whether Watts' understanding was affected by inadequate medical advice; and (6) whether Watts' understanding was affected by inadequate legal advice. However, even then, the only relevant factor regarding value will be the apparent value of the case based on what was known to Watts and his previous counsel at the time of settlement. Homes' later perception of the value of the case is not relevant to this inquiry and will not be allowed into evidence during the January 23, 2008 hearing.

Further, the Court cannot agree to relax the application of the Federal Rules of Civil Procedure by allowing hearsay evidence. Thus, this part of the motion is denied, except that the Court will allow Watts and his previous attorneys to testify regarding their perception of

4

the value of the case based on facts known to them at the time of the purported settlement.

### 2. Watts' Motion to Compel Production of Statements of Neil Wythe from Superior Diving (Rec. Doc. 211)

Neil Wythe was the dive partner of Jay Watts at the time of Watts' diving accident. Wythe is no longer employed by Superior. Watts now requests the production from Superior of all statements made by Neil Wythe regarding the subject matter of this case. Homes recently contacted Wythe to interview him regarding his knowledge of the facts of this case. During the interview, Wythe informed Homes that he had previously given one or more statements to Superior while employed by them, and asked Homes to obtain copies of those statements for him. Wythe later signed a Request to Superior asking the company to provide copies of his statements, and appointing Homes as his representative for the sole purpose of obtaining the statements. (See Exhibit A to motion).

On December 14, 2007, Homes wrote to Paul Palermo, counsel for Superior, regarding Wythe's request. Within hours of sending the request by facsimile, Homes called Palermo to discuss the issue, and Palermo stated he would "file pleadings" regarding the matter, but declined to indicate whether he would provide the statements. Homes claims Palermo's tone inferred that Superior would refuse to comply with the request. Based on that telephone conversation, Homes filed a motion to compel (without actually having a rule 37.1 conference). Homes (on behalf of Wythe) claims that rule 26(b)(3) of the Federal Rules of Civil Procedure gives Wythe, as a witness, an absolute right to statements made by him regarding the subject matter of this case.

In opposition, Superior acknowledges that Wythe may be entitled to the statement, but argues that the statement is not relevant to the issue of the validity of the settlement agreement.

Superior takes issue with the fact that Homes filed a motion to compel two hours after sending a letter requesting the information, and requests that Homes be sanctioned and taxed for the cost of the hearing. Superior claims that if the Court sets aside the settlement, it will produce the statement to Wythe.

In reply, Homes notes that Superior should not complain about the timing of the motion to compel because they have never provided the statement to Wythe, and the motion was obviously necessary. Homes claims Wythe's testimony regarding the facts of the incident is relevant to the potential high value of Watts' claim.

Superior shall provide the requested statements to Wythe within seven days of the issuance of this order. However, the Court finds that if the statements should have been produced as a matter of law prior to the alleged settlement, the Wyeth statements might be admissible for consideration. The testimony of Wyeth is not relevant to the issue of the validity of the settlement agreement, since he had not been deposed when the case purportedly settled. Specifically, his testimony has no bearing on the apparent value of the case based on what was known at the time settlement was allegedly authorized. Last, the Court refuses to sanction Homes for failing to conduct a Rule 37.1 conference as Superior still has not produced the statements, so clearly the motion to compel was necessary.

> **3. Superior's Motion to Quash Interrogatories and Requests for Production and for Motion for Protective Order (Rec. Doc. 213)**

Superior asks the Court to quash the interrogatories and requests for production propounded by Watts on December 13, 2007, on the grounds that they are moot in light of the settlement reached in this matter on January 23, 2007, and on the further grounds that the discovery is entirely irrelevant to the sole issue currently before the Court in this matter, which

is whether the January 23, 2007 settlement should be enforced. Alternatively, Superior moves the Court for entry of a protective order directing that the discovery need not be answered unless and until the Court enters an order setting aside the January 2007 settlement, in which case Superior should be granted a reasonable time thereafter in which to respond to said discovery.

Additionally, Superior moves the Court for a Protective Order directing that no further discovery be conducted by either plaintiff or defendant into the substantive merits of the underlying matter unless and until the Court enters an order setting aside the January 2007 settlement. Superior also requests that the protective order include, but not be limited to, a prohibition against any contact between plaintiff or his current attorney, Robert Homes, and any current employee of Superior regarding this matter unless and until the Court sets aside the January 2007 settlement.

Finally, based on Homes' assertions that he expects to call as witnesses Superior's claims adjuster and one of Superior's attorneys in this matter, Superior moves this Court for an order barring Watts from calling its counsel or any representative of Superior as a witness at the hearing because: (1) neither Superior's counsel nor any representative of Superior had any contact with Watts (nor could they have had) outside the bounds of formal discovery; (2) the settlement agreement was confirmed in writing by counsel of record for Watts; (3) defense counsel's evaluations and communications to clients regarding the case are clearly protected and not discoverable; and (4) the attempt to call either Superior's counsel or a representative of Superior is clearly beyond the scope of the hearing and solely an attempt to harass Superior. Superior requests the costs associated with the filing this motion.

In opposition, Watts claims that the discovery is not moot because the it deals with issues relative to the upcoming hearing, wherein the validity of the settlement is being contested. Watts also asserts that his attorney, Homes, can legally contact Wythe because Wythe is no longer employed by Superior.

Specifically, Watts claims that Wythe's testimony is important and relevant to the validity of the settlement because knowledge of certain allegations made by Wythe was not disclosed to Watts and his prior attorneys before or at the time of the alleged settlement. Thus, their lack of knowledge is relevant to whether the settlement was fairly made, relevant to the "value" of Watts' claim, and relevant to whether Watts had adequate legal representation. Watts asserts that he requested that Cortigene investigate the incident by talking to other crew members, and Cortigene did not do so. Watts claims that if he had done so, Cortigene would have learned, as Homes learned, of Wythe's potentially helpful testimony. Homes argues these "facts" would have been enough for the Court to deny Superior's summary judgment that was filed back in 2006.

As for Superior's argument that their adjuster and attorney should not be called as witnesses at the hearing, Watts claims both Superior's attorney and its adjuster were intimately involved with the subject alleged settlement. Moreover, Watts claims they should be knowledgeable regarding Wythe's statements, which are relevant to whether the settlement was fairly made.

Superior neglected to provide the Court with a copy of the discovery requests, so the Court cannot review each request to determine the relevancy. However, the only relevant evidence concerns the perception of the value of the case at the time settlement was

8

purportedly authorized based on facts known to the parties and their counsel at the time settlement was purportedly authorized.  Discovery beyond this issue will not be permitted.

As for Superior's request for a protective order instructing Homes to refrain from contacting current Superior employees, there has been no allegation that Homes has attempted to do this and, therefore, the Court sees no reason to instruct Homes accordingly.  Homes admits contacting a former employee of Superior; however, there is no rule which prohibits that conduct.  The Court, of course, expects all attorneys to abide by all rules of professionalism and ethics, including those regarding directly contacting current employees of a party.

The Court will not allow Watts to call Superior's attorney or its adjuster during the evidentiary hearing.  Superior's attorney has nothing to add to Watts' alleged settlement with Cortigene, and the adjuster's testimony is not relevant to the issue of the validity of the settlement agreement.

The Court finds that Superior's request for costs should be denied.

**C.     Conclusion**

This Court will not allow the upcoming hearing to be converted into  (a) a legal malpractice case or (b) a trial within a trial.  The threshold issue to be decided is whether Watts authorized Cortigene to settle.  Depending on that determination, the Court may hear testimony and receive evidence on the validity of the settlement agreement itself.  However, the only relevant evidence concerns the perception of the value of the case at the time settlement was purportedly authorized based on facts known to the parties and their counsel at the time settlement was authorized.  Considering the foregoing,

**IT IS ORDERED** that **Watts' Motion in Limine Re Value Evidence (Rec. Doc. 210)** is **GRANTED IN PART AND DENIED IN PART** for the reasons stated herein.

**IT IS FURTHER ORDERED** that **Watts' Motion to Compel Production of Statements of Neil Wythe from Superior Diving (Rec. Doc. 211)** is **GRANTED** as stated herein such that Superior shall produce the statements within seven days of the issuance of this Order.

**IT IS FINALLY ORDERED** that **Superior's Motion to Quash Interrogatories and Requests for Production and for Motion for Protective Order (Rec. Doc. 213)** is **GRANTED IN PART AND DENIED IN PART.**

New Orleans, Louisiana, this 9th day of January, 2008.

_____
**KURT D. ENGELHARDT**
**United States District Judge**