UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SUPERIOR DIVING CO., INC. | CIVIL ACTION |
| VERSUS | NO. 05-197 |
| JAY WATTS | SECTION "N" (2) |

## **O R D E R**

Before the Court is **Jay Watts' Motion in Limine Regarding Use of Cortigene Deposition at Hearing (Rec. Doc. 251)**. After reviewing the memoranda of the parties and the applicable law, the Court rules as follows.

In his motion, Jay Watts ("Watts") requests an order allowing him to introduce the deposition (or portions thereof) of Seth Cortigene ("Cortigene") as substantive evidence at the evidentiary hearing on his Motion for New Trial, which is set to resume on March 5, 2008.[1] Cortigene is scheduled to be present and testify at the March 5, 2008 hearing. Watts contends that Cortigene, who is Watts' former trial attorney, is an adverse party to Watts such that admitting his deposition into evidence is permissible under Rule 32(a)(2) of the Federal Rules of Civil Procedure[2]. Watts makes this request despite the fact that this Court has previously ruled

---

[1] This hearing originally commenced on January 23, 2008; however, it was continued to March 5, 2008, due to health issues of Cortigene, which prohibited him from attending the January 23rd hearing.

[2] Rule 32 of the Federal Rules of Civil Procedure was amended in 2007. Watts incorrectly claims his motion is supported by Rule 32(a)(2); however, under the current version of the rule, that rule is now found at rule 32(a)(3), which may or may not be applicable here. Some or all of the case law discussed hereinafter pre-dated the rule change. Because the text of current Rule 32(a)(3) and former Rule 32(a)(2) is so similar, the undersigned looks to pre-

1

that Watts may use Cortigene's deposition at the hearing for impeachment purposes, if necessary. Watts complains that this limited use would not result in the introduction of Cortigene's deposition as substantive proof of his deposition testimony. Superior Diving Company, Inc. ("Superior Diving") argues that Rule 32 (a) does not permit Watts to introduce the deposition of Cortigene, who will be present at the hearing, as substantive evidence.

Rule 32(a) states, in pertinent part:

>  **(a) Using Depositions.**
>
>  **(1) In General.** At a hearing or trial, all or part of a deposition may be used *against* a party on these conditions:
>
>  **(A)** the party was present or represented at the taking of the deposition or had reasonable notice of it;
>
>  **(B)** it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and
>
>  **(C)** the use is allowed by Rule 32(a)(2) through (8).
>
>  **(2) Impeachment and Other Uses.** Any party may use a deposition to contradict or impeach the testimony given by the deponent as a witness, or for any other purpose allowed by the Federal Rules of Evidence.
>
>  **(3) Deposition of Party, Agent, or Designee.** An *adverse party* may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4).

Fed. R. Civ. P. 32(a) (emphasis added). Superior asserts that Cortigene and Watts are not "adverse parties" within the meaning of the current version of Rule 32(a)(2) of the Federal Rules of Civil Procedure. Watts, on the other hand, claims that he and Cortigene are, in fact, adverse

---

revision case law to determine the issue before the Court.

parties because Cortigene has filed an intervention against Watts seeking his fee for representing Watts in the underlying matter and because Watts has filed a counterclaim against Cortigene alleging malpractice in the handling of Watts' case.

The Court, however, is not convinced that Watts and Cortigene are necessarily adverse to each other at this juncture. First, the intervention and counterclaim have been severed from the underlying matter and stayed until the underlying matter is concluded. The sole issue before the Court at the upcoming evidentiary hearing is whether Cortigene had the authority to settle the underlying matter on behalf of Watts. Cortigene will attempt to seek his fee regardless of whether the undersigned determines that the matter has or has not settled. In other words, if the undersigned concludes that the matter has settled, Cortigene will seek his attorney's fees from the settlement amount. If the undersigned determines that the matter did not settle, the case will proceed to trial, and if Watts recovers any money, Cortigene will seek a portion of that recovery. The Court fails to see how Watts and Cortigene are adverse for the purposes of the upcoming hearing. Cf. *King & King Enterprises v. Champlin Petroleum Company*, 657 F.2d 1147, 1163-64 (10th Cir. 1981) (Circuit Court noted that just because deponent was named as a third party defendant by the defendant-appellant, this did not make him a party in the case on appeal, rendering Rule 32 inapplicable).

The current version of Rule 32(a)(2) (now Rule 32(a)(3)) allows a party's deposition to be used by an adverse party regardless of the presence or absence of the deponent at the hearing or trial and regardless of whether the deponent is available to testify or has testified there. *See Fey v. Walston & Co., Inc.*, 493 F.2d 1036, 1046 (7th Cir. 1974); *Fenstermacher v. Philadelphia National Bank*, 493 Ff.2d 333, 338 (3rd Cir. 1974). However, the district court is afforded

3

reasonable leeway to avoid "useless encumbrance of the record." *Fey*, 493 F.2d at 1046 (citing *American Fidelity & Casualty Co. v. Greyhound Corp.*, 258 F.2d 709 (5th Cir. 1958)). "Repetitious or immaterial matter may be excluded by the district court, and the court may require identification of germane portions by specific offer." *Fey*, 493 F.2d at 1046, (citing *Zimmerman v. Safeway Stores, Inc.*, 133 U.S.App.D.C. 342, 410 F.2d 1041, 1044 (1969).

To this issue, the Fifth Circuit has explained, "we do not intend to unduly limit the trial judge's discretion in these cases to exclude repetitious matter and to require counsel to identify the relevant portions of a deposition in his offer.*" Gauthier v. Crosby Marine Service, Inc.*, 752 F.2d 1085, 1089 (5th Cir. 1985); *Aetna Casualty & Surety Company v. Guynes*, 713 F.2d 1187, 1194 (5th Cir. 1983); *Coughlin v. Capitol Cement Co.*, 571 F.2d 290, n. 31 (5th Cir. 1978). In *Aetna*, the Fifth Circuit reasoned:

> Clearly, counsel for Aetna should have been able to present the Guyneses' prior representations through reading their deposition testimony in court. But by calling the Guyneses as adverse witnesses at trial and using their previous deposition testimony to impeach their testimony on the stand, Aetna brought the prior inconsistent statements of the Guyneses fully before the jury. The jury believed the Guyneses. We find no reversible error.

713 F.2d at 1194. In *Coughlin*, the Fifth Circuit determined that because the plaintiffs had used the deposition to impeach the deponent's live testimony and because the plaintiffs were given the opportunity to introduce any evidence contained in the deposition that had not been covered, the plaintiffs were not deprived in any meaningful way of their ability to present material evidence to the district court. Other appellate courts have held accordingly. *See Heights Driving School, Inc. V. Top Driver, Inc.*, 51 Fed. Appx. 932, 940 (6th Cir. 2002); *King & King Enterprises*, 657 F.2d at 1164-65; *Fenstermacher*, 493 F.2d at 338 (district judge's refusal to allow the

introduction of the depositions into evidence was not prejudicial as the depositions did not add any information to that given in oral testimony by the deponents and otherwise developed at the hearing); *Pingatore v. Montgomery Ward & Co.*, 419 F.2d 1138, 1142 (6th Cir. 1969), *cert. denied*, 398 U.S. 928, 90 S.Ct. 1818, 26 L.Ed.2d 90 (1970); *Pursche v. Atlas Scraper & Engineering Co.*, 300 F.2d 467, 488-89 (9th Cir.), *cert. denied*, 371 U.S. 911, 83 S.Ct. 251, 9 L.Ed.2d 179 (1962).  When faced with a similar issue, the Tenth Circuit explained:

> [The appellant] specifically objects to the court's refusal to permit the deposition of Olson to be read into evidence for the purpose of showing the invalidity of statements made during that deposition. However, [the appellant] could have questioned Olson on this matter and then used Olson's deposition for impeachment purposes inasmuch as the trial court expressly stated that it would permit those depositions to be used for such purposes. We fail to see why this court should reverse a decision in favor of [the appellant]'s opponents merely because [the appellant] insists that it should have been allowed to utilize its own method of getting its point across, when another, at least equally effective method of getting that same point across was easily available.

*King & King*, 657 F.2d at 1165.  Here, the undersigned has explained that Watts' counsel will be able to impeach Cortigene, if appropriate while he is on the stand, using portions of his deposition transcript that conflict with his live testimony.  Still, Watts and his counsel nonetheless insist upon utilizing their own method of getting the point across to the Court.  The Court, however, is not convinced that the current version of even Rule 32 (a)(2) applies in this situation. Specifically, this Court is not satisfied that, at this hearing, Watts and Cortigene are truly adverse parties within the meaning of the rule.

Accordingly, this motion in limine is denied without prejudice to be re-urged at the upcoming hearing after Cortigene testifies and the opportunity for impeachment is had. Thereafter, the Court will entertain the renewed motion if and only if: (1) Cortigene's live

testimony during the evidentiary hearing becomes so clearly adverse to the interests of Watts so that the relevant portion of Rule 32 is clearly implicated; and (2) the selected portions of Cortigene's deposition are not repetitious to any other information already put before the Court. *If* the Court determines that Watts and Cortigene are adverse and *if* the selected portions of Cortigene's deposition are found not be repetitious, then Cortigene will be allowed to respond to these statements live while still on the stand during the evidentiary hearing.

Considering the foregoing, **IT IS ORDERED** that **Jay Watts' Motion in Limine Regarding Use of Cortigene Deposition at Hearing (Rec. Doc. 251)** is **DENIED without prejudice** to the right of the movant to re-urge the motion, if appropriate considering the foregoing, after Cortigene testifies and is potentially impeached at the March 5, 2008 evidentiary hearing.

New Orleans, Louisiana, this 22nd day of February, 2008.

_____
**KURT D. ENGELHARDT**
**United States District Judge**