UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SUPERIOR DIVING COMPANY, INC. | CIVIL ACTION |
| VERSUS | NO.  05-197 |
| JAY WATTS | SECTION "N" (2) |

## ORDER AND REASONS

Before the Court is the Motion to Recuse District Judge Kurt Engelhardt (Rec. Doc. 317), filed herein by Defendant/Plaintiff-in-counterclaim Jay Watts ("Watts"). After reviewing the motion and memorandum in support, along with the accompanying affidavit and certificate of counsel, this Court rules as set forth herein.

## I.    SUMMARY OF THE MOTION

This motion raises three general arguments: (1) that the undersigned abused his discretion in conducting these proceedings and in managing his docket (generally, see Rec. Doc. 317, paragraph 2, subsections (d), (e), (f), (g), (h), (I), (j), (k), (l), (m), (n), (o), (p)); (2) that the undersigned committed legal error (generally, see Rec. Doc. 317, paragraph 2, subsections (a), (b), (c), (e), (f), (g)); and (3) that the undersigned showed personal bias towards Watts and his current counsel, Robert O. Homes Jr. ("Homes") (generally, see all of the above-mentioned subsections, in

1

addition to Exhibits A and B to Rec. Doc. 317). Watts and his counsel have filed this motion pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455.

## II.    THE APPLICABLE LAW

Both 28 U.S.C. § 144 and 28 U.S.C. § 455 are based on the notion that a fair trial before an unbiased judge is a basic requirement of due process. *Chitimacha Tribe of Louisiana v. Harry L. Laws Co.*, 690 F.2d 1157, 1165 (5th Cir. 1982) (citing *United States v. Will*, 449 U.S. 206, 101 S.Ct. 471, 481, 66 L.Ed.2d 392 (1980)). A recusal motion, filed pursuant to either statute, is committed to the sound discretion of the district judge. *Chitimacha Tribe*, 690 F.2d at 1166. Although these two statutes are quite similar, a few differences between them exist. Thus, this Court discusses each statute separately herein.

### A.    28 U.S.C. § 455

28 U.S.C. § 455(a) states:

> Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

When a party files a motion to disqualify under 28 U.S.C. s 455, the movant must show that "if a reasonable man knew of all the circumstances, he would harbor doubts about the judge's impartiality." *Chitimacha Tribe*, 690 F.2d at 1165 (citing *Parliament Insurance Co. v. Manson*, 676 F.2d 1069, 1075 (5th Cir. 1982); *Potashnick v. Port City Construction Co.*, 609 F.2d 1101, 1111 (5th Cir.), *cert. denied*, 449 U.S. 820, 101 S.Ct. 78, 66 L.Ed.2d 22 (1980)).

For all the reasons stated herein, including those explained in greater detail hereinafter, this Court finds that recusal is not justified or warranted under section 455.

**B.**      **28 U.S.C. § 144**

28 U.S.C. § 144 provides:

> Whenever a party to any proceeding in a district court makes and files a *timely* and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, *such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding*.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144 (*emphasis added*). A motion to recuse brought pursuant to 28 U.S.C. § 144 must be strictly construed for form, timeliness, and sufficiency in order to guard against the danger of frivolous attacks on the orderly process of justice. *Danielson v. Winnfield Funeral Home of Jefferson, Inc.*, 634 F. Supp. 1110, 1113 (E.D. La. 1986) (citing *United States v. Womack*, 454 F.2d 1337, 1341(5th Cir. 1972), *cert. denied*, 414 U.S. 1025, 94 S.Ct. 450, 38 L.Ed.2d 316).

**1.**      **Timeliness**

For a motion to recuse to be timely, it must be filed "as soon as practicable after discovery of the allegedly disqualifying facts." *Danielson*, 634 F. Supp. at 1114 (quoting *Marcus v. Director, Office of Workers' Compensation Program, U.S. Dept. of Labor*, 548 F.2d 1044, 1051 (D.C. Cir.1976); *Duplan Corp. v. Deering Milliken, Inc.*, 400 F.Supp. 497, 508-10 (D.S.C. 1975), *aff'd* 522 F.2d 809 (4th Cir. 1975)). "Lack of a timeliness requirement encourages speculation and converts the serious and laudatory business of insuring judicial fairness into a mere litigation strategy." *Delesdernier v. Porterie*, 666 F.2d 116, 121 (5th Cir. 1982). In *Danielson*, the district court determined that, because the motion to recuse was filed more than four and one-half months after

the defendants' motion for attorneys' fees was filed and was based upon events which occurred more than a year before that, the plaintiff had failed to comply with the timeliness requirement.

Here, this motion to recuse has been filed more than three years after this case was originally filed, almost a full year after the first purportedly-biased action was taken by the undersigned, eight months after Homes enrolled as counsel in this case, nearly a full two months after the issue of recusal was first raised by Homes in a telephone conference, and then addressed by the Court on the record the next day at the outset of the March 25, 2008 hearing[1], and about a week *after* final judgment was entered. This Court concludes that Watts and Homes have failed to comply with the timeliness requirement of section 144.

## 2.    Transfer of Motion to Recuse to Another Judge

The mere filing of a motion and affidavit under these statutes does not mean that the judge must recuse himself. *Danielson*, 634 F. Supp. At 1113 (citing *Samuel v. University of Pittsburgh*, 395 F. Supp. 1275, 1277 (W.D.Pa.1975), *vacated on other grounds*, 538 F.2d 991 (3rd Cir.1976); *United States v. Nehas*, 368 F. Supp. 435, 437 (W.D. Pa.1973). The Fifth Circuit has explained that the practice of transferring a disqualification motion to another judge is not to be encouraged. *Chitimacha Tribe*, 690 F.2d at 1162. "The challenged judge is most familiar with the alleged bias or conflict of interest. He is in the best position to protect the nonmoving parties from dilatory tactics." *Id.*, citing *United States v. Haldeman*, 559 F.2d 31, 131 (D.C. Cir.1976), *cert. denied*, 431 U.S. 933, 97 S.Ct. 2641, 53 L.Ed.2d 250 (1977)). Although the decision to transfer a motion to recuse to another judge ultimately lies within the discretion of the challenged judge, "recusal motions should only be transferred in unusual circumstances." *Id.*

---

[1]    See attached transcript excerpt of March 25, 2008 hearing.

This matter does not present such an unusual circumstance so as to require that the undersigned transfer this motion to another judge for disposition. For the reasons explained hereinafter, the actions complained of by Watts and Homes are either reviewable on appeal or relate to the undersigned's participation in this case as the trier of fact, which cannot serve as a basis for disqualification.

## III.    ANALYSIS OF ALLEGATIONS

While this Court does not see the need to respond to each and every one of these allegations, it responds generally as follows to the three categories of allegations identified and set forth above.

### A.    Abuse of Discretion

Watts and Homes make several complaints in this regard, most dealing with the Court's decisions regarding docket management. For instance, they complain about this Court's Order (Rec. Doc. 274) wherein the undersigned ruled that "given the state of the record and the large number of deficient filings, no counsel shall be permitted to file anything into the record (whether electronically or on paper) without first submitting it for approval to the chambers of the undersigned." Notably, fifteen deficient filings may be found in the record, some of which are the fault of parties/attorneys other than the movants of the instant motion. (See also attached transcript excerpt, p. 9). Furthermore, the undersigned made the decision to require pre-filing review only after he had issued an order to counsel instructing them to review the Local Rules and the On-Line CM/ECF Training Modules before filing additional motions into the record, to no avail. (Rec. Doc. 209). A review of the docket sheet reveals that it is burdened with several non-conforming filings.

Watts and Homes also complain that this Court struck from the record a memorandum filed by Homes, on behalf of Watts, the tone of which the Court found to be both unprofessional and

disrespectful . (A copy of said stricken memorandum is attached hereto, under seal). Because Homes persists in his claim to not understand why this Court found this memorandum offensive, the Court has highlighted the portions which it finds to be unprofessional, offensive, and disrespectful; however, the Court notes that the overall tone of this memorandum was unduly offensive and well beyond the bounds of counsel's zealous representation of his client.)

Watts and Homes also complain about the Court's stay of Watts' former attorneys' intervention for fees and of Watts' resulting counterclaim against his former attorneys for malpractice. This Court notes that the power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). "Such questions of docket management are left to the sound discretion of the district court, and it is the district court's responsibility to weigh the competing interests of the parties relating to the appropriateness of a stay." *Wolf Designs, Inc. v. Donald McEvoy Ltd., Inc.*, 355 F.Supp.2d 848 (N.D.Tex. 2005). Moreover, a determination of whether prior counsel committed errors/omissions constituting actionable malpractice is inappropriate and premature while the underlying action is still being litigated, and vacating the previous settlement was still being (successfully) sought.

Watts and Homes complain about the Court's decision to not allow the reopening of discovery, after the discovery deadline had long passed and after Watts acquired new counsel. For the Court's detailed analysis regarding this decision, the Court refers the parties to Rec. Doc. 314, pp. 8-9.

Watts and Homes complain about the Court's decision to not allow the introduction of Seth

Cortigene's first deposition. For the Court's detailed analysis regarding this decision, the Court refers the parties to Rec. Doc. 277. Watts and Homes also complain that the Court ordered that Cortigene's *second* deposition be terminated at 5:00 p.m, at least six hours after it started. The Court notes that the deposition went far beyond the time originally allotted for it because Homes questioned Cortigene at length regarding not only the authorization and validity of the purported settlement, but also matters which the Court specifically had instructed counsel not to cover (i.e., issues pertaining solely to Watts' malpractice action, which had been stayed by the Court).

Homes and Watts complain that the undersigned "refused to direct opposing counsel" to make a video deposition available for copying.[2] The Court notes that Homes and Watts could have ordered the video deposition from the court reporter as opposing counsel did. Instead, they opted to wait and attempt to simply acquire a copy from opposing counsel, thus dispensing with paying the Court Reporter's fee.[3] While the undersigned specifically explained in a telephone conference that it would not order counsel for Superior Diving Co., Inc. to make this deposition available to Homes, it had no problem with them agreeing to do so, which they did.

Again, most of these complaints center on this Court's discretion to manage its docket. The Fifth Circuit has instructed that district courts have broad discretion to control their own dockets. *Union City Barge Line v. Union Carbide Corp.*, 823 F.2d. 129, 135 (5th Cir.1987). Of course, Watts and Homes may choose to have the Fifth Circuit review these actions on appeal, however, there is no need for the undersigned to recuse himself based on the foregoing.

---

[2]       Opposing counsel ordered and paid the court reporter for his copy of the deposition.

[3]       Watts and his counsel later argued that their late acquisition of the deposition transcript should warrant a continuation of the March 25, 2008 hearing. (See attached transcript excerpt of March 25, 2008 hearing, pp. 3-4).

7

**B.     Legal Error**

First, Watts and Homes complain that on August 24, 2007, this Court ordered that the settlement agreement should be enforced, without affording Watts, a seaman, an evidentiary hearing. They also complain that, at that time, this Court refused to reconsider and retract its ruling. These decisions were remedied, however, when Watts was later afforded an evidentiary hearing (Rec. Doc. 165) and when the Court *granted* Watts' Motion for New Trial (Rec. Doc. 302).[4]  Clearly, these grounds, which were remedied by the Court, are not sufficient to merit recusal.

Furthermore, like their complaints regarding this Court's abuse of discretion, these complaints, alleging legal error, may be reviewed by the Fifth Circuit on appeal. This Court fails to see the need for the undersigned to recuse himself based on the foregoing.

**C.     Personal Bias**

When faced with a motion under section 144, the court focuses on the movant's affidavit. *Chitimacha Tribe*, 690 F.2d at 1165. An affidavit is sufficient if it alleges facts that, if true, would convince a reasonable person that bias exists. *Id.*, (citing *Phillips v. Joint Legislative Committee*, 637 F.2d 1014, 1019 (5th Cir. 1981); *United States v. Serrano*, 607 F.2d 1145, 1150 (5th Cir. 1979), *cert. denied*, 445 U.S. 965, 100 S.Ct. 1655, 64 L.Ed.2d 241 (1980); *Parrish v. Board of Commissioners*, 524 F.2d 98, 100 (5th Cir. 1975) (en banc) *cert. denied*, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976)). The affidavit must identify and carefully detail the time, place, persons, occasions and

---

[4]     The Court notes that its decision to grant a new trial, finding that a settlement never actually occurred, resulted largely from the Court's own diligence in surveying all documents filed into the record in this matter. (See Rec. Doc. 302, n. 8). The Cortigene/Schwartz legal representation retainer contract, on which the Court's decision turned, was never referenced by counsel and was not introduced as evidence by Homes, or any other party, at the hearing. Despite the fact that, in granting Watts' motion, the Court went "above and beyond" in analyzing the evidence and arguments put before it by counsel, Homes now complains that the undersigned was somehow biased *against* him and his client.

circumstances supporting the movant's belief of bias or prejudice. *Danielson*, 634 F. Supp. at 1114. The determination of the legal sufficiency of the affidavit is a matter addressed to the sound discretion of the trial court. *Danielson*, 634 F. Supp. at 1113 (citing *United States v. Harrelson*,754 F.2d 1153, 1165 (5th Cir. 1985); *Davis v. Board of School Commissioners*, 517 F.2d 1044, 1052 (5th Cir.1975), *cert. denied*, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188).

Here, Homes and Watts have made general allegations of bias and prejudice both in the affidavit submitted by Watts and in the Motion to Recuse. However, all of the allegations regarding bias made therein relate to the role of the undersigned as the trier of fact over this proceeding (i.e., "judicial" bias); none pertain to "personal" bias. The bias to be demonstrated must be "personal" against the movant, as opposed to "judicial," and the bias must be extrajudicial in origin. *Danielson*, 634 F. Supp. at 1114-1115 (citing *Davis*, 517 F.2d at 1051). Thus, "the alleged attitude and preconception on the part of the judge must arise from a source beyond the four corners of the courtroom, and not from his participation in the case." *Danielson*, 634 F. Supp. at 1115. In other words, a district judge may fully express himself on legal matters. "Adverse rulings against the moving party cannot serve as a basis for disqualification." *Danielson*, 634 F. Supp. at 1115 (citing *United States v. Hall*, 424 F.Supp. 508, 534 (W.D. Okla.1975), *aff'd* 536 F.2d 313 (10 Cir. 1976); *Davis v. United States*, 415 F.Supp. 982, 985 (E.D. Okla.1975); *Duplan Corp.*, 400 F.Supp. at 514-15; *Bumpus v. Uniroyal, Inc.*, 385 F.Supp. 711, 713 (E.D. Pa.1974)). "Criticism directed against the moving party, his attorney or a witness which does not indicate an opinion on the merits of the litigation is held not to be a valid ground for recusal..." *Danielson*, 634 F. Supp. at 1115 (citing *United States v. Crovedi*, 467 F.2d 1032, 1040 (7th Cir.1972), *cert. denied* 410 U.S. 982, 93 S.Ct. 1510, 36 L.Ed.2d 178).

The affidavit and accompanying Motion to Recuse in this case fail to satisfy the requirement that the alleged bias be personal, as opposed to judicial, in nature. Thus, this Court finds that the affidavit and Motion to Recuse are legally insufficient to show a disqualifying bias on the part of the undersigned. Their complaints regarding the conduct of the undersigned do not support the conclusion that a personal bias exists. If a litigant was entitled to success on a motion to recuse, which was filed based on a district judge's rulings and docket management decisions, such motions would, more often than not, be used as litigation tools instead of being used for their intended purpose of addressing valid claims of personal bias. Here, Watts and Homes have stated no valid grounds for disqualification or recusal.

## IV.   CONCLUSION

Considering the foregoing, **IT IS FURTHER ORDERED** that the **Motion to Recuse District Judge Kurt Engelhardt (Rec. Doc. 317) is DENIED.**

New Orleans, Louisiana, this 16th day of <u>May</u>, 2008.

**KURT D. ENGELHARDT**
**United States District Judge**