UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SUPERIOR DIVING CO., INC.                          CIVIL ACTION

VERSUS                                             NO. 05-197
                                                   c/w 08-5095

JAY WATTS                                          SECTION "N" (2)

## ORDER AND REASONS ON MOTIONS

Three related motions are pending before me in this case: (1) Jay Watts' Motion to Compel Discovery from Intervenors, Record Doc. No. 410; (2) Defendant/Intervenor Newton B. Schwartz, Sr.'s Motion to Strike Notice of Facts Deemed Admitted and to Permit Late Response to Request for Admissions and Supplement, Record Doc. Nos. 414 and 419; and (3) Eberhard Garrison's Motion to Strike Jay Watts' Notice of Facts Deemed Admitted, Record Doc. No. 426.[1]

Having considered the written submissions of the parties, the record and the applicable law, the motions are GRANTED, but only as provided herein, for the following reasons.

---

[1] Although this third motion was noticed for submission on April 6, 2011, it presents the same issues raised in the virtually identical second motion, all of which have been adequately briefed. Therefore, I am issuing my ruling now.

All that remains of these consolidated cases, which originated as a personal injury claim, is a dispute among plaintiff's past and present lawyers over the nature of the handling of and fees derived from the original claim. These three (3) motions all relate to written discovery served by plaintiff Jay Watts more than three years ago, on January 24, 2008. Since that time, the cases have undergone an unusual, convoluted and tortured procedural history. That history includes entry of a stay order on February 19, 2008, concerning this discovery, Record Doc. No. 276; an order issued about two months later, on April 25, 2008, lifting the stay but simultaneously dismissing the claims to which the discovery related, Record Doc. No. 314 at p.12; a judgment entered five (5) days later dismissing the claims as to which the discovery related, Record Doc. No. 315; an intervening appeal, Record Doc. No. 340; the appeal court's judgment issued two years later, affirming in part but remanding the subject claims to this court for further proceedings, Record Doc. No. 340; the filing of a related suit in another court, Record Doc. No. 1 in C.A. 08-5095; the transfer of that suit here and its consolidation with the older case, Record Doc. Nos. 37, 38 and 75 in C.A. No. 08-5095; and the recommencement of discovery and trial preparation activities in this court six (6) months ago, Record Doc. No. 352.

About three (3) weeks ago, Watts filed a "Notice of Facts Deemed Admitted," since the other parties had never responded to his three-year-old requests for admissions,

which had been affected by the stay, dismissal and intervening appeal. This is the "notice" the other parties have now moved to set aside. Watts also filed the instant motion to compel concerning three-year-old interrogatories and requests for production which, similarly, had not been answered in light of the procedural morass described above.

As to requests for admissions, "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). Although the court has considerable discretion to permit withdrawal or amendment, a deemed admission may only be withdrawn when the moving party satisfies the conditions set forth in Rule 36(b). American Auto. Ass'n v. AAA Legal Clinic, 930 F.2d 1117, 1119 (5th Cir. 1991); Carney v. IRS, 258 F.3d 415, 419 (5th Cir. 2001). Under Rule 36(b), "the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." Fed. R. Civ. P. 36(b).[2] Even when Rule 36(b)'s two-factor test has been satisfied, the district court "still

---

[2] I note that the language of Rule 36(b) was changed by the 2007 amendments to the Federal Rules of Civil Procedure, so that it now reads: "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). As with all the 2007 amendments, the official Advisory Notes to the Rule 36 amendments provide: "The language of Rule 36 has been amended as part of the general restyling of the Civil Rules to make

3

has discretion to deny a request to withdraw or amend an admission." Carney v. Internal Rev. Serv., 258 F.3d 415, 419 (5th Cir. 2001).

Other factors considered are whether "through an honest error a party has made an improvident admission," No. La. Rehab. Ctr. Inc. v. United States, 179 F. Supp. 2d 658, 663 (W.D. La. 2001) (quoting Ropfogel v. United States, 138 F.R.D. 579, 583 (D. Kan. 1991)); the fault, if any, of the party seeking withdrawal, Pickens v. Equitable Life Assurance Soc., 413 F.2d 1390, 1394 (5th Cir. 1969); the diligence of the party seeking withdrawal and the adequacy of time remaining for additional discovery before trial. Covarrubias v. Five Unknown INS/Border Patrol Agents, 192 F. App'x 247, 248 (5th Cir. 2006) (per curiam) (unpublished); No. La. Rehab. Ctr., 179 F. Supp. 2d at 663 (permitting withdrawal when party obtaining the admissions failed to show that it would not be able to present alternative evidence and adequate time remained before trial to conduct limited discovery).

"Courts have usually found that the prejudice contemplated by Rule 36(b) relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." American Auto., 930 F.2d at 1117. The Eighth Circuit has interpreted this standard to not encompass the increased expenses

---

them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only." Federal Civil Judicial Procedure and Rules at 208 (Thomson West pamph. rev. ed. 2010).

4

caused by the need for additional discovery to replace withdrawn admissions, Gutting v. Falstaff Brewing Corp., 710 F.2d 1309, 1314 (8th Cir. 1983).

As to interrogatories and requests for production, failure to provide written responses within the requisite time period ordinarily waives all objections, unless the court excuses the failure for good cause. Fed. R. Civ. P. 33(b)(4); Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 10, 12-13 (1st Cir. 1991) (objections to requests for production were waived by failure to make timely objections); In re United States, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."). Of course, the court retains discretion to decline to compel discovery responses when the request exceeds the bounds of fair discovery, even if a timely objection has not been made. Fifty-Six Hope Road Music, Ltd. v. Mayah Collections, Inc., No. 2:05-cv-01059-KJD-GWF, 2007 WL 1726558, at *4 (D. Nev. June 11, 2007); Lucero v. Martinez, No. 03-1128 JB/DJS, 2006 WL 1304945, at *2 (D.N.M. Mar. 11, 2006); Kolenc v. Bellizzi, No. 95 CIV. 4494, 1999 WL 92604, at *3 (S.D.N.Y. Feb. 22, 1999).

Under the unusual circumstances presented in the instant matter, this court exercises its discretion to set aside both the deemed admissions and the waiver of objections to interrogatories and requests for production. The uncertainty caused by the

three-year gap between issuance of the discovery and now, complicated by the stay and the intermediate appeal, are good cause sufficient to support this conclusion.  As to the requests for admissions, the motions to strike satisfy the Rule 36(b) motion requirement. I find that withdrawal of the deemed admissions at issue in these motions would promote the presentation of the merits. I also find that the responding parties acted diligently to correct the oversight once it was brought to their attention and cannot be deemed to have been legally at fault in failing to provide earlier responses in these circumstances.  There is adequate time remaining for discovery before trial, so that undue prejudice to the requesting party will not occur.

The same unusual procedural circumstances, coupled with the facially objectionable nature of several of the subject interrogatories and requests for production, are the reasons for my exercise of discretion to set aside any waiver of objections to the subject interrogatories and requests for production that may have occurred, all in the interest of reasonable and orderly discovery.  Accordingly, **IT IS ORDERED** that all three motions are GRANTED, but only subject to the following conditions.

The subject requests for admissions are <u>not</u> deemed admitted, and all objections to the subject requests for admissions, interrogatories and requests for production are specifically preserved.   The recipients of the subject requests for admissions, interrogatories and requests for production must now treat them as if they were newly

received and already served. Written responses to the subject requests for admissions as provided in Fed. R. Civ. P. 36(a)(4) and (5), and to the subject interrogatories and requests for production, as provided in Fed. R. Civ. P. 33(b) and 34(b)(2), including objections, if any, must be provided no later than **April 29, 2011**.

New Orleans, Louisiana, this ___30th___ day of March, 2011.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE