UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SUPERIOR DIVING COMPANY, INC.                CIVIL ACTION

VERSUS                                        NO.  05-197, c/w 08-5095

JAY WATTS                                     SECTION "N" (2)

# ORDER AND REASONS

Before the Court is the "Rule 12(b)(6) Motion to Dismiss Third-Party Demand for Failure to State a Claim" (Rec. Doc. 379), filed by Third-Party Defendant Eberhard Garrison ("Garrison").  This motion is opposed by Newton B. Schwartz ("Schwartz").  (See Rec. Doc. 390). After considering the memoranda of the parties and the applicable law, the Court grants this motion.

**I.    BACKGROUND**

This matter is back before this Court after having been appealed to the United States Court of Appeal for the Fifth Circuit.  Specifically, Jay Watts ("Watts") appealed an adverse summary judgment ruling, which dismissed his general maritime and Jones Act Claims against his employer, Superior Diving Company, Inc.  Watts also appealed this Court's decision to abstain on the *Colorado River* doctrine from proceeding on his state law claims against his former attorneys, Schwartz and Cortigene, and their counterclaims against him for attorney's fees.  The Fifth Circuit affirmed this Court's grant of summary judgment against Watts, but remanded such that this Court could proceed on Watts' claim against his attorneys for

1

malpractice[1] and their claim against him for attorneys' fees.

When this case was before this Court originally, back in December of 2006, Garrison enrolled as co-counsel of record to aid Schwartz and Seth Cortigene ("Cortigene") in their representation of Watts. (See Rec. Docs. 97, 98). After Watts claimed that his attorneys had "settled" the case without his consent and after Cortigene and Schwartz intervened to recover all costs, expenses, advances and attorneys fees incurred in handling Watts' case (Rec. Doc. 153), Watts, in October 2007, represented by current counsel Robert Homes ("Homes"), counterclaimed against Cortigene and Schwartz, alleging that they had inadequately represented him in the underlying suit. (Rec. Doc. 166). It was not until May of 2009 that Schwartz filed a Third Party Complaint against Garrison claiming that, in the event of any recovery by Watts, Garrison is or may be liable to Schwartz for contribution and/or indemnity. (Member Case No. 08-5095, Rec. Doc. 46). Thereafter, in December of 2010, Watts filed a Supplemental and Amended Complaint and Counterclaim adding Garrison as a defendant. The Complaint cites to the purported malpractice of Watts' former attorneys Schwartz, Cortigene, *and Garrison*. (Rec. Doc. 368). Specifically, Watts alleges that "Defendant Garrison also violated his legal, contractual and fiduciary duties to Watts and failed to adequately and competently represent him, negligently but not intentionally." (Rec. Doc. 368, ¶17).

Garrison has filed the instant motion, arguing that Schwartz' Third-Party Complaint

---

[1] On March 10, 2008, Watts filed a legal malpractice suit against Schwartz and Cortigene in Harrison County, Mississippi, where Watts resided and where the contract for legal services was confected. (Member case no. 08-5095, Rec. Doc. 1). Watts' Petition essentially reasserted the arguments made in his Counterclaim/Third Party Complaint filed here in case no. 05-197, but also alleged additional acts of malpractice. (Member case no. 08-5095, Rec. Doc. 1). Schwartz removed the case to federal court and filed a motion to transfer the matter to the Eastern District of Louisiana. (Member case no. 08-5095, Rec. Doc. 1). Once transferred, these two cases were consolidated. (Rec. Doc. 345).

against him fails to state a claim upon which relief can be granted. He specifically argues that, under Louisiana law, Schwartz is not entitled to contribution and/or indemnity from Garrison for Schwartz's alleged liability to Watts.

## II.   LAW AND ANALYSIS

### A.   Legal Standard

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in the plaintiff's favor. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.' " *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S.Ct. at 1965 (quotation marks, citations, and footnote omitted). Plausible grounds "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" to support the claim. "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.' " *Id.*, (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

### B.   Analysis

Schwartz alleges that Garrison is or may be liable for contribution and/or indemnity for Watts' claim against Schwartz. Garrison, however, asserts that, as a result of the Louisiana

Legislature's 1996 Amendments to Louisiana Civil Code articles 2323 and 2324, solidarity was abolished among non-intentional tortfeasors. Thus, Garrison contends that Schwartz' third-party claim against him fails because Schwartz would never have to pay for more than his apportioned share, under a theory sounding in tort. In other words, Garrison asserts that Schwartz is only liable for his degree of fault and cannot seek contribution from Garrison.

Indeed, the Louisiana Supreme Court has held that the plain language of Articles 2323 and 2324, as amended by Act 3, is "clear, unambiguous, and does not lead to absurd consequences." *Dumas v. State ex rel. Dep't of Culture, Recreation & Tourism*, 02-063 (La. 2002), 828 So.2d 530.The *Dumas* Court reasoned as follows:

> Likewise, the language of Article 2324(B) is equally clear. It provides that in non-intentional cases, liability for damages caused by two or more persons shall be a joint and divisible obligation. Each joint tortfeasor shall not be liable for more than his degree of fault and shall not be solidarily liable with any other person for damages attributable to the fault of that other person. This provision abolishes solidarity among non-intentional tortfeasors, and makes each non-intentional tortfeasor liable only for his share of the fault, which must be quantified pursuant to Article 2323.

*Dumas*, 828 So.2d at 537.  The Court stated that the Legislature's intent when enacting the amendments to Articles 2323 and 2324 was to: (1) abolish non-contractual solidary liability among non-intentional tortfeasors; and (2) place Louisiana in a pure comparative fault system. *Id.* Thus, Garrison claims that the abolishment of solidary liability brought about the disappearance, for all intents and purposes, of the rights of contribution and implied indemnification. *Id.*; see also Frank L. Maraist & Thomas C. Galligan, *Burying Caesar: Civil Justice Reform and the Changing Face of Louisiana Tort Law,* 71 Tul.L.Rev. 339, 409 (1996)(the doctrine of tort indemnity is "more or less a dead letter" after the 1996 legislation, and

4

contribution is of "little or no importance.").

Because Schwartz can only be liable for his own degree of fault, Garrison argues that contribution is not necessary. Further, in their Complaints, neither Schwartz nor Watts have alleged that Garrison acted intentionally. Also, neither Schwartz nor Watts have alleged any conspiracy was committed among Watts' former attorneys. Thus, if Garrison is not alleged to have acted intentionally or in conspiracy with Schwartz (and/or Cortigene), then he cannot be solidarily liable with Schwartz. Thus, Schwartz's claim for contribution against Garrison fails as a matter of law, making the dismissal of the Third Party Complaint appropriate.

As for Schwartz's claim for indemnity, Garrison asserts that it fails as well. Indeed, on its face, Schwartz's Third-Party Complaint does not state any grounds for indemnity against Garrison. There is no express indemnity provision identified, so it cannot be contractual indemnity. Moreover, an implied contract of indemnity arises only when the fault of the person seeking indemnification is solely constructive or derivative, from failure or omission to perform some legal duty, and may only be held against one who, because of his act, has caused constructive liability to be imposed. *Nasif v. Sunrise Homes, Inc.*, 1998-3193 (La. 6/29/99), 739 So.2d 183, 185.  Tort derivative liability occurs in four situations: (1) in a relationship of contractual privity; (2) under the doctrine of respondeat superior; (3) under the doctrine of strict products liability; and (4) under the doctrine of strict liability related to ultra-hazardous activities.

Here, Garrison notes that none of the above factors are applicable.  Further, Watts has also sued Garrison directly for Garrison's own actions. Thus, Garrison contends that  indemnity as between him and Schwartz cannot apply. See *Reggio v. ETI*, 2007-1433 (La.12/12/08), 15

So.3d 951. Consequently, Garrison reasons that Schwartz does not have a claim for indemnification against him, making dismissal of Schwartz' Third Party Complaint appropriate.

In opposition, Schwartz filed a Joint Opposition to this motion and a pending Motion for Summary Judgment (See Rec. Doc. 390), leaving it to the undersigned to determine which arguments apply to each motion.  Schwartz contends that his pleading may be premature since claims for contribution or indemnity do not ripen unless a monetary judgment has been rendered, which has not yet occurred.  This is essentially the only argument made in response to this motion, and the Court deems it to be insufficient.

The Court finds that, for substantially the same reasons as set forth by Garrison (and summarized *supra*)[2] and as stated in *Martco Ltd. Partnership v. Bruks-Klocker, Inc.*, 2010 WL 2265145 (W.D. La. 2010), the claims made by Schwartz against Garrison in the Third-Party Complaint should be and are hereby dismissed because they fail to state a claim against Garrison as a matter of law.  Further, to address Schwartz's prematurity concession, whether the claims are asserted now or later, they *still* fail as a matter of law.

## III.   CONCLUSION

Considering the foregoing, **IT IS ORDERED** that the **"Rule 12(b)(6) Motion to Dismiss Third-Party Demand for Failure to State a Claim" (Rec. Doc. 379)** is  **GRANTED**.

New Orleans, Louisiana, this 14th day of June, 2011.

_____
**KURT D. ENGELHARDT**
**United States District Judge**

---

[2] None of these arguments were specifically addressed or opposed by Schwartz. (See Rec. Doc. 390).