UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SUPERIOR DIVING COMPANY, INC. | CIVIL ACTION |
| VERSUS | NO. 05-197, c/w 08-5095 |
| JAY WATTS | SECTION "N" (2) |

# ORDER AND REASONS

Before the Court is the "Motion for Summary Judgment" (Rec. Doc. 378), filed by Eberhard Garrison ("Garrison"). This motion is opposed by Jay Watts ("Watts"). (See Rec. Doc. 388). After considering the memoranda of the parties and the applicable law, the Court rules as set forth herein.

## I.     BACKGROUND

This matter is back before this Court after having been appealed to the United States Court of Appeals for the Fifth Circuit. Specifically, Jay Watts ("Watts") appealed an adverse summary judgment ruling, which dismissed his general maritime and Jones Act Claims against his employer, Superior Diving Company, Inc. Watts also appealed this Court's decision to abstain, under the *Colorado River* doctrine, from proceeding on his state law claims against his former attorneys, Schwartz and Cortigene, and their counterclaims against him for attorney's fees. The Fifth Circuit affirmed this Court's grant of summary judgment against Watts, but

1

remanded such that this Court could proceed on Watts' claim against his attorneys for malpractice[1] and their claim against him for attorneys' fees.

When this case was before this Court originally, back in December of 2006, Garrison enrolled as co-counsel of record to aid attorneys Newton Schwartz ("Schwartz") and Seth Cortigene ("Cortigene") in their representation of Watts. (See Rec. Docs. 97, 98). After Watts terminated his attorneys claiming that they had "settled" the case without his consent, and after Cortigene and Schwartz thereafter intervened to recover all costs, expenses, advances and attorneys fees incurred in handling Watts' case (Rec. Doc. 153), Watts, in October 2007 (represented by current counsel Robert Homes ("Homes")), counterclaimed against Cortigene and Schwartz, alleging that they had inadequately represented him in the underlying suit. (Rec. Doc. 166). It was not until May of 2009 that Schwartz filed a Third Party Complaint against Garrison claiming that, in the event of any recovery by Watts, Garrison is or may be liable to Schwartz for contribution and/or indemnity. (Member Case No. 08-5095, Rec. Doc. 46). Thereafter, in December of 2010, Watts filed a Supplemental and Amended Complaint and Counterclaim adding Garrison as a defendant. The Complaint cites to the purported malpractice of Watts' former attorneys Schwartz, Cortigene, *and Garrison*. (Rec. Doc. 368). Specifically, Watts alleges that "Defendant Garrison also violated his legal, contractual and fiduciary duties to Watts and failed to adequately and competently represent him, negligently but not intentionally."

---

[1] On March 10, 2008, Watts filed a legal malpractice suit against Schwartz and Cortigene in Harrison County, Mississippi, where Watts resided and where the contract for legal services was confected. (Member case no. 08-5095, Rec. Doc. 1). Watts' Petition essentially reasserted the arguments made in his Counterclaim/Third Party Complaint filed here in case no. 05-197, but also alleged additional acts of malpractice. (Member case no. 08-5095, Rec. Doc. 1). Schwartz removed the case to federal court and filed a motion to transfer the matter to the Eastern District of Louisiana. (Member case no. 08-5095, Rec. Doc. 1). Once transferred, these two cases were consolidated. (Rec. Doc. 345).

(Rec. Doc. 368, ¶17).

Garrison has filed the instant motion, arguing that, under either Louisiana or Mississippi law, Watts waited too long to file suit against him, requiring the dismissal of Watts' claims against him, with prejudice.

## II.   LAW AND ANALYSIS

### A.   Legal Standard

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986); see also *Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir.1990). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine

issue for trial.'" *Celotex*, 477 U.S. at 324, 106 S.Ct. 2553; see also *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Auguster v. Vermillion Parish School Bd.*, 249 F.3d 400, 402 (5th Cir.2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana*, 294 F.3d 755, 758 (5th Cir.2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.*, 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." See id. (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 3188, 111 L.Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir.2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), cert. denied, 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by

creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little*, 37 F.3d at 1075. Rather a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir.2002).

  **B.**  **Analysis**

  First, the parties dispute which law applies. While Watts suggests that Mississippi law and/or admiralty or maritime law applies to his claims against Garrison, Garrison argues that Louisiana law applies, as those claims are strictly state law (professional malpractice) negligence claims.

  While case no. 05-197 was indeed filed and evoked this Court's admiralty jurisdiction, the malpractice claims currently before this Court and analyzed herein are entirely different. The Court concludes that admiralty law (and laches) does not apply to these legal malpractice claims, as Watts attempts to argue. Claims arising out of Garrison's role as an attorney to Watts do not, in any way, support the application of admiralty law.

  Further, as Watts notes, issues of prescription, peremption, and statutes of limitation generally are, for conflicts purposes, considered substantive issues to which, in a diversity case such as this, the law of the forum applies. *Erie R. Co. v. Tompkins*, 304 U. S. 64 (1938); *Guaranty Trust Co. of York v. York*, 326 U. S. 99 (1945). Watts notes that the "forum" for member case no. 08-5095 was Mississippi (see procedural discussion, *infra*), despite its transfer to this Court in Louisiana - thus requiring the application of Mississippi law. The Court finds it appropriate to note that the filing of the case in Mississippi when that same case was stayed here

was unnecessary, and in the context of this argument, constitutes forum shopping.

Indeed, Watts has sued Garrison, a Louisiana licensed attorney, for acts of negligence that purportedly occurred in Louisiana during Garrison's representation of Watts in an action pending in Louisiana. Clearly, Louisiana law applies to both of these consolidated actions (i.e., the action originally filed here (case no. 05-197) and the action Watts filed in Mississippi (case no. 05-5095)), which action was properly transferred here.

If a suit would be time barred under Louisiana law, but not under the laws of the state whose law applies to the substantive conflict, the suit may be maintained if "compelling considerations of remedial justice" warrant it. *Henry v. Duane Morris, LLP*, 210 Fed. Appx. 356 (5th Cir. 2006).  However, here, both Louisiana and Mississippi provide plaintiffs three years to file legal malpractice suits.

Specifically, in Louisiana:

> No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, *in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect*.

La. R.S. §9:5605(A)(*emphasis added*). Section B of that statute goes on to explain that, "[t]he one-year and three-year periods of limitation provided in Subsection A . . . are peremptive periods . . . and . . . may not be renounced, interrupted, or suspended." La. R.S. § 9:5605(B).

Unlike prescription, which "merely prevents the enforcement of a right," peremption "destroys the right itself." La. Civ.Code art. 3458, comment (b). Because Watts clearly terminated Garrison on September 11, 2007, any act or omission of alleged negligence by him would necessarily have occurred prior to that date. Even assuming that the act or omission occurred on the very day he was discharged by Watts, any claim that Watts had against Garrison had to be filed within three years of that day, or by September 11, 2010. Because Watts did not file suit against Garrison until December 1, 2010 (See Rec. Doc. 368), this Court concludes that any direct action against Garrison under Louisiana law is perempted under La. R.S. § 9:5605. Watts' argument about his lack of knowledge of Garrison's allegedly negligent acts and omissions is of no moment because any direct action against him is perempted three years from the date that alleged act or omission occurred.

Watts further argues that the amended complaint against Garrison relates back to the original complaint filed against Schwartz and Cortigene. Such argument is also without merit. As set forth by the Louisiana Supreme Court in *Naghi v. Brener*, 08-2527 (La. 6/26/09), 17 So.3d 919, in an action governed by La. R.S. § 9:5605, after the termination of the peremptive period, the cause of action no longer exists. Any right to assert the claim is destroyed; thus, there is nothing to which an amended or supplemental pleading filed thereafter can relate back.

Further, as for any tolling argument, this Court has previously ruled that Garrison, a non-intentional tortfeasor, is not a solidary obligor with Cortigene and Schwartz. (See Rec. Doc. 468). Thus, as to Garrison, the filing of the claims against Schwartz and Cortigene did not toll the time period for filing suit against Garrison.

Last, even if Mississippi law did apply (which for the reasons discussed above, the Court

finds it does *not*), Watts' claims against Garrison are barred under that law as well. The three-year statute of limitations applies to actions for legal malpractice. *Channel v. Loyacono*, 954 So.2d 415, 420 (Miss.2007); Miss. Code Ann. § 15–1–49 (Rev. 2003). Specifically, Mississippi Code Annotated Section 15-1-49 provides in pertinent part, that all actions for which no other period of limitation is prescribed shall be commenced within 3 years next after the cause of action accrued, and not after. A legal malpractice action accrues when the alleged wrongful act or omission occurs or when "the plaintiff has discovered, or by reasonable diligence should have discovered, the injury." Miss. Code. Ann. § 15-1-49 (Rev. 2003).

Garrison asserts that Watts' malpractice claims accrued, at the latest, on October 12, 2007, the date Watts filed suit against Schwartz and Cortigene, within a month after terminating Schwartz, Cortigene, and Garrison. Garrison contends that because Watts' malpractice claims against Garrison were not filed until December 1, 2010, they are also barred under Mississippi law.

Watts, on the other hand, explains that he did not initially believe that Garrison had done anything wrong. Watts and his counsel state, "[w]e thought he was simply 'local counsel,' a virtual messenger boy with an office across the street from the Courthouse, who had no direct involvement in the investigation and prosecution of Watts' claim against Superior Diving in Cause No. 05-197." (Rec. Doc. 388, p. 2). Watts and his counsel "thought the culprits in this matter were Schwartz and Cortigene." (*Id.*)

Watts also points out that shortly after the filing of the Intervention and Watts' Answer and Counterclaim in response thereto, this Court stayed all proceedings with respect to the Intervention and Watts' response, prohibiting any discovery and any other proceedings in the

matter. (Rec. Doc. 276).[2]  Finally, on September 8, 2010, the stay in both matters was lifted by this Court. (Rec. Doc. 345).

Further complicating the already convoluted procedural history of this matter, Schwartz had attempted to file a Third-Party Demand against Garrison, despite this Court's stay orders, on May 13, 2009, while Cause No. 05-197 was on appeal in the Fifth Circuit. (See Rec. Doc. 46, member case no. 08-5095).  However, with the stay in effect, neither Garrison nor Watts could file anything in response to it. Upon the lifting of the stay on September 8, 2010, Schwartz's Third Party Demand against Garrison was "activated" and the Third- Party Demand was answered by Garrison on October 6, 2010. (Rec. Doc. 353). It was then and only then that Watts claims he was in a position to file his own claim against Garrison, based in large part on the receipt of Schwartz's Third-Party Demand against Garrison.

However, none of this changes the fact that Watts was aware of Garrison's role in the case, enough so that he terminated him in 2007, at the same time he terminated Schwartz and Cortigene.  The Court does not find it reasonable for Watts to have merely assumed Garrison was a "virtual messenger boy", as such a professional status does not exist for members of the bar who serve as counsel of record for a client.  Regardless of their agreed-upon duties and division of labor amongst them, <u>all</u> counsel had a professional duty to the client in the prior attorney-client relationship between Watts and his former counsel.  The Court does not find it reasonable for Watts to have contemplated a claim against Garrison only after Schwartz and

---

[2] In an attempt enable himself to take discovery from Schwartz and Cortigene regarding the Intervention and the Counterclaim thereto (and avoid the stay imposed by this Court), Watts' counsel filed a separate suit in the United States District Court, Southern District of Mississippi against Schwartz and Cortigene. The Court in Mississippi eventually transferred that case back here, to be consolidated with the original matter. (See member case no. 08-5095). Once the Mississippi case arrived here, this Court re-affirmed the stay in that case.

Cortigene filed a Third-Party Demand against Garrison. Indeed, Watts terminated all three attorneys at the same time in September 2007. Further, even though Watts did not name Garrison in the Counterclaim he filed against Schwartz and Cortigene on October 12, 2007 (Rec. Doc. 166), when he finally filed a claim against Garrison more then three years thereafter, on December 1, 2010 (Doc. No. 368), Watts simply added Garrison's name and alleged no specific acts or omissions committed by Garrison. Surely, this could have and should have been accomplished in 2007. In sum, Watts clearly knew or *should have known through due diligence* Garrison's role as co-counsel by October 12, 2007, and yet failed to take any action against Garrison until more than three years later on December 1, 2010. To the extent Mississippi law is applicable, the statute of limitations of Mississippi bars any claim against Garrison.

### III.     CONCLUSION

Considering the foregoing, **IT IS ORDERED** that the **"Motion for Summary Judgment" (Rec. Doc. 378)** is  **GRANTED**. Thus, Watts' claim against Garrison is hereby dismissed.

New Orleans, Louisiana, this 5th day of August, 2011.

_____
**KURT D. ENGELHARDT**
**United States District Judge**